UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES DEBT RECOVERY X, L.P., :
              Plaintiff, :
               :
 -against- : Index No.
               :
CANTOR FITZGERALD & CO. :
               : **COMPLAINT**
             Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

United States Debt Recovery X, L.P. ("USDR" or "Plaintiff"), by and through its attorneys, R. Zachary Gelber Law PLLC, upon information and belief, for its complaint against Cantor Fitzgerald & Co. ("Cantor" or "Defendant"), alleges as follows:

## THE PARTIES

1. Plaintiff is a Delaware Limited Partnership with its offices at 5575 Kietzke Lane, Suite A, Reno, NV 89511.

2. Defendant is, upon information and belief, a New York partnership, doing business from its offices at 110 E. 59th Street, New York, NY 10022.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds, exclusive of interest and costs, $75,000.

4. Venue is proper in the United States District Court of the Southern District of New York under 28 U.S.C. § 1391 (b)(2) because it is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of property that is the subject of the action is situated.

**FACTUAL ALLEGATIONS**

5. On or about February 29, 2012, Plaintiff placed an order for the purchase of 49,210 Washington Mutual Unit Trust Preferred Inc. securities issued by Washington Mutual, Inc. ("WAHUQs").

6. Plaintiff placed its purchase order through a broker, with the trade to settle with Defendant in Plaintiff's prime brokerage account.

7. While Plaintiff's order included a total of 49,210 WAHUQs, due to a failed delivery of 10,013 WAHUQs, only 39,197 WAHUQs were ultimately purchased by Plaintiff.

8. After Defendant purchased the WAHUQs on Plaintiff's behalf, they were custodied by Defendant in Plaintiff's segregated accounts at Cantor.

9. At the time Plaintiff purchased the WAHUQs, Washington Mutual had already filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code.

10. As part of Washington Mutual's Seventh Amended Bankruptcy Plan (the "Plan"), as confirmed on February 23, 2012, releases had to be filed to convert WAHUQs into securities that would survive the bankruptcy.

11. WAHUQs for which no release was filed with the bankruptcy court by March 19, 2013, became worthless pursuant to the terms of the Plan.

12. As the custodian of Plaintiff's WAHUQs, Defendant received all notices from Washington Mutual and its agents.

13. It is standard industry practice for custodians to pass along such notices to account holders immediately upon receipt.

14. On March 19, 2013, Defendant notified Plaintiff that it had to file a release for WAHUQs in account 750014041 that same day or Plaintiff would lose its right to a distribution from Washington Mutual, essentially rendering its investment worthless.

15. It turns out that this was the fourth notice that Defendant had received about the releases, but the first such notice that it passed along to Plaintiff.

16. What's more, Defendant's notice apparently only pertained to 19,474 of the WAHUQs.

17. As a result, despite the fact that Plaintiff followed Defendant's (delinquent) instructions with respect to the releases, the notice and releases failed to cover 16,300 WAHUQs for which distributions were otherwise available.

18. Defendant's acts and omissions directly resulted in Plaintiff's losses, in an amount to be proven at trial but no less than $200,000.

### AS AND FOR THE FIRST CAUSE OF ACTION
**(Violation of Uniform Commercial Code 8-505)**

19. Plaintiff hereby incorporates the foregoing paragraphs of this Complaint as if fully stated herein.

20. Defendant is a securities intermediary under 8-505 of the Uniform Commercial Code.

21. Far from exercising the ordinary care it was required to under the U.C.C., Defendant's acts and omissions were at the very minimum negligent, if not grossly negligent.

22. Defendant is liable for damages that stem from its lack of ordinary care.

23. Plaintiff was damaged in an amount to be proven at trial but no less than $200,000.

## AS AND FOR THE SECOND CAUSE OF ACTION
### (Breach of contract)

24. Plaintiff hereby incorporates the foregoing paragraphs of this Complaint as if fully stated herein.

25. Plaintiff paid a fee to purchase the 16,300 WAHUQs and paid to have them custodied with Defendant.

26. The failure of Defendant, as custodian of Plaintiff's securities, to take the most basic measures to ensure that the WAHUQs were not effectively destroyed (and deprived of all value) was a breach of Defendant's contractual duties, including but not limited to the duty of good faith and fair dealing.

27. Despite significant evidence to the contrary, Defendant now claims that it never even held the securities in custody.

28. If this were true, Defendant would also be in breach of contract for accepting payment for the securities without delivering them to Plaintiff's account.

29. As a result of Defendant's breach of its contractual duties, Defendant was damaged in an amount to be proven at trial but not less than $200,000.

## AS AND FOR THE THIRD CAUSE OF ACTION
### (Negligence)

30. Plaintiff hereby incorporates the foregoing paragraphs of this Complaint as if fully stated herein.

31. Plaintiff purchased securities using Defendant as its custodian and prime broker.

32. Although the parties had a prime brokerage agreement, there is no known custody agreement concerning the securities.

33. To the extent that the court finds that a breach of contract claim cannot be sustained, Defendant still had a common law duty to act with reasonable care.

34. Defendant held Plaintiff's WAHUQs in custody for approximately one year, and received regular notices from the agents of Washington Mutual as Debtor that it failed to provide to Plaintiff.

35. Defendant's actions lacked ordinary and reasonable care and were at a minimum negligent, if not grossly negligent.

36. Plaintiff was damaged by Defendant's negligence in an amount to be determined at trial but no less than $200,000.

## AS AND FOR THE FOURTH CAUSE OF ACTION
### (Breach of fiduciary duty)

37. Plaintiff hereby incorporates the foregoing paragraphs of this Complaint as if fully stated herein.

38. As a broker and custodian of Plaintiff's securities, Defendant has a fiduciary duty to exercise reasonable care with respect to them.

39. Defendant violated its duty of care by failing to provide several notices to Plaintiff that were crucial to the continued existence of its investment.

40. As a result of Defendant's violation, Plaintiff was damaged in an amount to be determined at trial but no less than $200,000.

## AS AND FOR THE FIFTH CAUSE OF ACTION
### (Unjust enrichment)

41. Plaintiff hereby incorporates the foregoing paragraphs of this Complaint as if fully stated herein.

42. Plaintiff purchased the 16,300 WAHUQs at issue through Defendant.

43. Plaintiff paid Defendant for 16,300 WAHUQs.

44. Defendant accepted payment for the 16,300 WAHUQs but has deprived Plaintiff of the benefit of its bargain.

45. If Defendant were entitled to retain the purchase price and other charges related to the purchase and custodying of these shares, it would be unjust.

46. Defendant is liable to Plaintiff for damages in an amount to be proven at trial.

## AS AND FOR THE SIXTH CAUSE OF ACTION
### (Bailment)

47. Plaintiff hereby incorporates the foregoing paragraphs of this Complaint as if fully stated herein.

48. When Plaintiff purchased the 16,300 WAHUQs at issue through Defendant, Defendant custodied the securities in a segregated account in Defendant's name.

49. As the bailee, Defendant owed Plaintiff, the bailor, a duty of reasonable and ordinary care.

50. Defendant failed to exercise reasonable or ordinary care in its bailment.

51. As a result of Defendant's failures, Plaintiff has suffered significant damages.

52. Defendant is liable to Plaintiff for damages in an amount to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment awarding the following:

53. Damages in an amount to be proven at trial, but no less than $200,000, plus prejudgment interest accruing at 9% per annum;

54. All cost and expenses;

55. Such other relief as this Court may deem just and appropriate.

Dated: New York, New York
March 8, 2016

                R. ZACHARY GELBER LAW PLLC

                By: /s/ R. Zachary Gelber
                    R. Zachary Gelber
                    347 W. 36th Street, Suite 805
                    New York, NY 10018
                    Phone: 212-227-4743
                    *Attorney for Plaintiff*